In the Matter of the Claim of FRANK RUSSO, Respondent, against MICHAEL WIELANDT, JR., et al., Respondents, and FUND FOR REOPENED CASES, Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, September 24, 1948.

*John M. Cullen* for appellant.

*Tucker & Bisselle* for Michael Wielandt, Jr., and Utica Mutual Insurance Company, respondents.

*Hyman A. Katz, Samuel Zimbalist* and *Anthony Manzella* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Theodore M. Schwartz, Assistant Attorneys-General,* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* Appeal by the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from a decision and award made to the claimant covering a period of total disability from March 24, 1932, to July 24, 1947.

The appellant contends that the case was last reopened as a claim against the fund on October 16, 1944, and that no award could therefore be made which was retroactive beyond October, 1942. The respondents maintain that the case was last reopened July 30, 1937, and has remained open against the fund since that date. The board has held with the respondents and the evidence supports that finding. However, it does not necessarily follow that that portion of subdivision 1 of section 25-a of the Workmen's Compensation Law, which limits retroactive awards to a period of two years, and which did not become effective until July 1, 1940, is not applicable. (L. 1940, ch. 686.) The amendment provided that — " * * * Any award which shall be made against such special fund after the effective date of this act upon such an application for compensation or death benefits shall not be retroactive for a period of disability or for death benefits longer than the two years immediately preceding the date of filing of such application. * * * " Here the award was not made until August 11, 1947, long after the effective date of the amendment, and the limitation imposed thereby must be complied with; accordingly no award is proper which is retroactive beyond July 30, 1935.

The issues presented by the shortened record before us do not include the question of whether or not the amendment is constitutional insofar as it affects cases such as this where the application to reopen was filed before the effective date and the award made thereafter. That question is not presently decided.

The appellant also contends that compensation should not be awarded for the period during which it is alleged claimant refused to submit to examination and treatment. Under the circumstances of this case, and in view of claimant's physical

and mental condition, together with the conflict in the medical evidence as to the advisability of such treatment, the board properly declined to suspend payments during that period.

The award should be reversed, without costs, and the matter remitted to the Workmen's Compensation Board for an award of compensation to the claimant for disability from July 30, 1935, payable out of the Fund for Reopened Cases.

HILL, P. J., HEFFERNAN, BREWSTER, FOSTER and DEYO, JJ., concur.

Award reversed, without costs, and the matter remitted to the Workmen's Compensation Board for an award of compensation to the claimant for disability from July 30, 1935, payable out of the Fund for Reopened Cases.